**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MARCUS AMOS
ADC #127713                                                                                          PLAINTIFF

V.                                          4:11CV00260 JMM

STATE OF ARKANSAS;
and SUSAN WEAVER,
Faulkner County Prosecuting Attorney                                                    DEFENDANTS

**ORDER OF DISMISSAL**

Plaintiff, Marcus Amos, who is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the case will be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

According to Plaintiff, in August of 2009, he was charged with domestic battery in the third degree, and that criminal charge became the basis for a petition to revoke his probation on a prior criminal conviction. *See* docket entry #2. In January of 2010, Defendant Faulkner County Prosecutor Susan Weaver nolle prossed the domestic battery charges. *Id.* Nevertheless, Plaintiff's probation was revoked, and he was sentenced to six years in the ADC. *Id.*

Plaintiff alleges that the revocation of his probation, after the dismissal of the domestic battery charge, violated this constitutional right to due process of law. *Id.* By way of relief, Plaintiff seeks monetary damages and the reversal of his probation revocation. *Id.*

A probation violation may be established by a preponderance of the evidence, while a criminal conviction must be established beyond a reasonable doubt. *See* Ark. Code Ann. § 5-4-309(d); *Gibbs v. State*, Case No. CACR 09-56, 2009 WL 3210618 (Ark. App. Oct. 7, 2009) (unpublished opinion). "Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation revocation." *Gilmore v. State*, Case No. CACR 09-486, 2009 WL 4377725 (Ark. App. Dec. 2, 2009) (unpublished opinion); *see also Lemons v. State*, 310 Ark. 381, 383 (Ark. 1992). In other words, the evidence may have been insufficient to convict Plaintiff of domestic battery, but sufficient to revoke his probation. *See Gilmore*, 2009 WL 4377725 (affirming a prisoner's parole revocation even though the criminal charge that was used as a basis for his revoking parole was nolle prossed).

More importantly, it is well settled that a prisoner's challenge to the "fact or duration of confinement" can only be brought in a habeas action, after all available state remedies have been exhausted. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004)*; Prieser v. Rodriguez,* 411 U.S. 475, 489 (1973); 28 U.S.C. § 2254. Similarly, Plaintiff cannot obtain monetary damages until his parole

revocation has been reversed by the highest state court or a federal habeas court. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

　　　　IT IS THEREFORE ORDERED THAT:

　　　　1.　　This case is DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

　　　　2.　　The dismissal of this action CONSTITUTES a "strike," as defined by 28 U.S.C. § 1915(g).

　　　　3.　　The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

　　　　Dated this 21st day of April, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE